CHARLES L. EUSTIS *versus* ABIEL HALL & *als.*

Where the plaintiff, being then the owner of a township of wild land, made a contract with a person to erect a mill and barn thereon, and before these were finished, three of the defendants went to explore the land with the view of purchasing it, and stated to the contractor, that "*if they should purchase, they wished him to carry out the contract he had made with the plaintiff, in the same way as if the plaintiff had continued to own the land ;*" and the purchase was made by all the defendants, and afterwards two of them signed a paper, directed to the plaintiff, wherein it was stated, that " *agreeable to our understanding we believe it right you should account to*" the contractor for a certain specified amount, " *it being due him from you or us ;*" and the plaintiff then paid that sum and brought this suit therefor ; *it was held,* that the action could not be maintained.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Assumpsit against Hall and nine others.

The plaintiff was formerly owner of a township of wild land, and had contracted with one Hanscom to erect a barn and a mill thereon. While Hanscom was progressing with the work, three of the defendants went to explore the tract with a view (as they said) to purchase it jointly with the other defendants, and they there told Hanscom, that, " if they should purchase, they wished him to carry out the contract he had made with the plaintiff in the same way as if the plaintiff had continued to own the land." The defendants soon afterwards made the purchase. Hanscom was called by the plaintiff and testified, that after the purchase he expended, in completing the erection $25,68 ; that in making this expenditure he considered himself as acting for the defendants, and charged the bill to " owners of Eustis tract ;" that the plaintiff told him he must look to the defendants for the pay, and that it was understood and agreed between the plaintiff and himself, at the time the said purchase was made, that the plaintiff was not to be liable to him for the subsequent expenditures. The plaintiff then read a paper signed by two of the defendants of the following tenor : — " Mr. Charles L. Eustis. Sir. Agreeable to our understanding, we believe it right you should account to J. B. Hanscom for the following articles : —

"The mill saw                          7,00
" Also the nails used for the barn    18,68
                                      ─────
                                      25,68
it being due him from you or us. Farmington, December 25, 1834."

Hanscom afterwards presented the paper to the plaintiff and received from him the amount therein mentioned, in payment for the bill. It is to recover back this money that this action is brought.

The plaintiff then offered to prove that the subscribers to that paper were duly authorized to act in the matter in behalf of all the defendants, and there proposed to rest his case. Hereupon the Judge expressed an opinion that the evidence did not show any sufficient authority in the plaintiff to pay the money on account of the defendants, and thereby to constitute himself their creditor. A nonsuit was thereupon ordered, and the plaintiff filed exceptions.

*Mc' Cobb*, for the plaintiff.

*Lancaster*, for the defendants.

The opinion of the Court was afterwards drawn up by

WHITMAN C. J. — There does not seem to be sufficient evidence of privity of contract between the plaintiff, in this case, and the defendants, to create a liability on their part. The memorandum introduced shows, that the two individuals, who signed it, were of opinion that the amount due to Hanscom ought to be paid, either by them or the plaintiff, and that they thought it belonged to the latter to pay it. He thereupon paid it. The plaintiff's chief reliance, must have been upon the testimony of Hanscom, who says, that three of the ten defendants, while exploring the tract of land, on which the expenditure was about to be incurred, said to him, that, if they bought it, they wished him to carry out the contract, he had made with the plaintiff, in the same way, as if he should continue to own the land. This was but the expression of a wish, on their part, without evidence that they had any authority to

make any contract whatever, that should be binding upon the others. Hanscom, however, as he says, after he found that they had made the purchase, understood that he was at work for them, and was to look to them for his pay. Whatever evidence there was, then, tending to prove a contract, if it can be considered that there was any at all, was to that effect only as between the defendants and Hanscom. The evidence, that, at the time of the purchase by the defendants, or at any other time, it was agreed between them and the plaintiff, that they were to assume his contract with Hanscom, was very limited, to say the least of it. It could not therefore be considered that the defendants were ever originally all jointly liable to pay the amount claimed either to Hanscom or to the plaintiff; and *there is as little reason to infer, that* the plaintiff paid the amount due to Hanscom at the request of the defendants, with an understanding on their part, that it was to be for their benefit, or on their account. The exceptions are therefore overruled and the nonsuit confirmed.